## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 1:19-cr-00109-NT |
| | ) | |
| ANDRE MULLER and | ) | |
| ROBERT HOLLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON THE DEFENDANTS' MOTION TO STAY PENDING APPEAL

Before me is Defendant Andre Muller's motion for a stay of the trial pending appeal (ECF No. 441), which is joined by Defendant Robert Holland. For the reasons stated below, the motion is **GRANTED**.[1]

## BACKGROUND

Defendant Muller and Defendant Holland were charged with conspiracy to interfere with commerce by robbery, a violation of the Hobbs Act, 18 U.S.C. § 1951(a). *See* Indictment (ECF No. 3). Following a trial, the Defendants were convicted on August 9, 2022. Jury Verdict Form (ECF No. 291). Based on allegations of juror misconduct that surfaced during deliberations, the Defendants filed a motion styled as a motion for a new trial *and* to dismiss the indictment. Def. Andre Muller's Mot. for a New Trial Pursuant to Fed. R. Cr. P. 33 (ECF No. 315); Def. Andre Muller's Mot. for a New Trial Pursuant to Fed. R. Cr. P. Rule 33 (Suppl.) and Mot. to Dismiss Indictment (ECF No. 326).

---

[1] Because they have obtained the relief sought, I need not address Defendant Muller's Motion for a Continuance of Trial (ECF No. 426) or Defendant Holland's Motion to Continue (ECF No. 434).

In early November of 2022, I granted the motion for a new trial, finding that the Defendants had been denied their Sixth Amendment right to an impartial jury. *See* Am. Order on Defs.' Mot. for New Trial 1, 13–17 (ECF No. 350). Insofar as the motion was labeled as a motion to dismiss the indictment, however, I denied it for a failure to develop the argument. *See* Am. Order on Defs.' Mot. for New Trial 1 n.2. The Defendants then appealed my denial of the motion to dismiss the indictment, and the First Circuit dismissed the appeal for lack of appellate jurisdiction. J. of USCA as to Andre Muller, Robert Holland 2 (ECF No. 395).

On March 14, 2023, with jury selection for the new trial set to begin on April 4, the Defendants moved to dismiss the indictment. Def. Andre Muller's Mot. to Dismiss the Indictment with Prejudice ("**Mot. to Dismiss Indictment**") 1 (ECF No. 407). The Defendants argued that my failure, upon receipt of Juror 13's text messages, to immediately suspend jury deliberations, initiate an investigation, and attempt to remediate any potential jury taint constituted a violation of their Sixth Amendment right to an impartial jury and their Fifth Amendment right, under the Double Jeopardy Clause, to be tried by a particular tribunal. Mot. to Dismiss Indictment 27, 30, 33.

On March 27, 2023, I denied the Defendants' motion. Order on Defs.' Mot. to Dismiss Indictment with Prejudice ("**Order on Mot. to Dismiss Indictment**") 1 (ECF No. 425). In ruling on the Sixth Amendment argument, I held that even if my juror misconduct investigation was procedurally deficient, the remedy for such deficiency is a new trial, not dismissal of the indictment. Order on Mot. to Dismiss

Indictment 11. In regard to the double jeopardy argument, I determined that the Defendants had failed to show that "a trial court's decision *not* to suspend [jury] deliberations" in the circumstances that were presented constituted a Fifth Amendment violation warranting dismissal of the indictment. Order on Mot. to Dismiss Indictment 14.

The next day, on March 28, the Defendants gave notice that they were appealing my decision to the First Circuit. *See* Interlocutory Appeal (ECF No. 427); Notice of Appeal (ECF No. 438). Now, the Defendants move to stay the trial pending the interlocutory appeal. Def. Andre Muller's Mot. for a Stay of the Trial ("**Mot. to Stay**") 1 (ECF No. 441).

## DISCUSSION

The Defendants argue that all proceedings in this Court, including the upcoming trial, should be stayed pending their appeal of my order on their double jeopardy claim. Mot. to Stay 1–2. The Government counters that a stay of proceedings is not the appropriate course of action. Government's Resp. in Opp'n to Def. Andre Muller's Am. Mot. for a Stay of the Trial ("**Gov't's Opp'n**") 7 (ECF No. 448).

"The general rule is that the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.' " *United States v. Stile*, No. 1:11–cr–00185–JAW, 2013 WL 1898413, at *4 (D. Me. May 7, 2013) (quoting *United States v. Brooks*, 145 F.3d 446, 455 (1st Cir. 1998)). " 'Though judicially spawned,' this divestiture 'rule has sturdy roots' arising from 'the principle that jurisdiction over a single case ordinarily should reside in a

single court at any single point in time.' " *United States v. Joseph*, No. 19-cr-10141-LTS, 2020 WL 5880522, at *1 (D. Mass. Oct. 2, 2020) (quoting *Brooks*, 145 F.3d at 455–56). There are, however, two exceptions to the divestiture rule: "a district court can proceed, notwithstanding the filing of an appeal, if the notice of appeal is defective in some substantial and easily discernible way . . . or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." *Brooks*, 145 F.3d at 456.

Here, the Government does not assert that the Defendants' appeal is "defective"—indeed, it acknowledges that "[a]n order denying a motion to dismiss an indictment on double jeopardy grounds is appealable and, generally, the filing of a notice of appeal divests the district court of jurisdiction as to the matters appealed." Gov't's Opp'n 3. The caselaw on this point is unassailable: pretrial orders on double jeopardy claims are appealable. *See United States v. Larouche Campaign*, 829 F.2d 250, 254 (1st Cir. 1987). As the First Circuit has explained, although "[d]efendants generally cannot immediately appeal interlocutory orders in criminal cases[, a]n exception applies where a defendant can 'mount a colorable claim that further proceedings in the trial court will constitute double jeopardy.' " *United States v. Suazo*, 14 F.4th 70, 73–74 (1st Cir. 2021) (internal citation omitted) (quoting *United States v. Keene*, 287 F.3d 229, 232 (1st Cir. 2002)). Appeals of double jeopardy claims are afforded this treatment because "[t]he rights [the Double Jeopardy Clause] protects would be 'significantly undermined' if a defendant had to wait until the

4

conclusion of a trial to appeal." *Id.* at 74 (quoting *Abney v. United States*, 431 U.S. 651, 660 (1977)).

The Government instead pegs its attack on the second prong of the analysis, arguing that a stay should be denied because the Defendants' appeal is frivolous and brought for the purposes of delay. Gov't's Opp'n 3. As to frivolousness, the case law suggests that frivolity is defined primarily in terms of the *merits* of a claim. For example, in *United States v. Mala*, 7 F.3d 1058 (1st Cir. 1993)—a First Circuit case cited by the Government—the court found that "when a litigant purposes to appeal a *plainly unappealable order*, the trial court may treat the appeal for what it is—a sham—and continue to exercise jurisdiction over the case." 7 F.3d at 1061 (emphasis added). "Were the rule otherwise, a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim." *Id.* Similarly, in *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980), a Fifth Circuit case cited by the Government, the court held that a defendant's appeal of the denial of his double jeopardy claim did not divest the district court of jurisdiction because the claim was "frivolous" and there was "absolutely no doubt[ ] that . . . [it] was *totally devoid of merit*." 611 F.2d at 987 (emphasis added).

Here, by contrast, and as the Government itself acknowledges, the order being appealed is not "plainly unappealable." Rather, denial of a double jeopardy claim is a valid "jurisdictional hook on which [the Defendants'] appeal arguably might hang." *Mala*, 7 F.3d at 1061. And, although I denied the Defendants' double jeopardy claim,

I do not believe that there is "absolutely no doubt" that the claim is "totally devoid of merit."

As to the timing of the motion, the Government contends that the Defendants could have brought their double jeopardy claim earlier,[2] that they needlessly "waited months to do so" for the purpose of delay, and that the appeal "is an abuse of the trial process and should be treated as such." Gov't Opp'n 6–7. The Government has cited out-of-circuit authority that suggests that the district court can retain jurisdiction if an appeal raising double jeopardy is either "frivolous or dilatory." Gov't Opp'n at 6 (quoting *United States v. Farmer,* 923 F.2d 1557, 1565 (11th Cir. 1991)). But I have found no authority in the First Circuit which goes that far. Moreover, in *Abney v. United States*, 431 U.S. 651 (1977), the Supreme Court addressed the possibility that some defendants would "engage in dilatory appeals," but it noted that "such problems of delay can be obviated by rules or policies giving such appeals expedited treatment. It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy." 431 U.S. at 662 n.8. Because I cannot conclude that the Defendants' appeal is either defective or transparently frivolous, I grant the Defendants' request for a stay.

---

[2]     The Government suggests that the Defendants' motion to dismiss the indictment on double jeopardy grounds was untimely. *See* Government's Resp. in Opp'n to Def.' Andre Muller's Am. Mot. for a Stay of the Trial 3 (ECF No. 448). The case cited by the Government for the proposition, however, concluded that double jeopardy motions filed the day before trial were still timely. *United States v. White,* 914 F.2d 747, 751 (6th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' motion for a stay of the trial pending appeal (ECF No. 441).

The Court intends to unseal this order, the Defendants' motion (ECF No. 441), the Government's opposition (ECF No. 448), and the Defendants' reply (ECF No. 449). Any objections to the unsealing of any of these documents should be filed within 7 days. If no objection is filed within 7 days, this order, the Defendants' motion, and related briefing will all be unsealed.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of March, 2023.